# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL J. SMITH,

    *Plaintiff*,

vs.

BRIAN WILLIAMS*, et al.*

    *Defendants*.

2:10-cv-00632-JCM-PAL

ORDER

This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the present case, plaintiff Michael Smith alleges that officers and officials at Southern Desert Correctional Center ("Southern Desert") disregarded a serious risk to inmate safety that resulted in his being attacked by another inmate. According to the allegations of the complaint, which are accepted as true solely for purposes of the present review, Smith was housed at the relevant time in Southern Desert Unit 12-A. This unit has 120 inmate beds arranged side-by-side in one large room in an open dormitory type setting. The unit houses inmates with various levels of offenses, including inmates serving life sentences for murder, aggravated battery with the use of a dangerous weapon, robbery, kidnaping and rape. During the afternoon of April 20, 2009, shortly before the afternoon count, Officer R. Tate called for

the inmates to "lock down," a procedure in which all of the inmates return to their bunks to be counted. After doing so, Tate left the 120 inmates in the unit wholly unsupervised. Tate maintained later that he did so in order to go to the restroom. While the unit was unsupervised, Smith was attacked, beaten unconscious, and seriously injured by another, very large inmate who was a repeat violent offender.

Plaintiff seeks to recover monetary damages from: (a) the State of Nevada; (b) Warden Brian Williams, in his individual and official capacities; and (c) Officer R. Tate, in his individual and official capacities.

Plaintiff's claims against the State of Nevada are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a State or an arm of a State regardless of the relief sought. *See,e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either by the parties or by the court *sua sponte*. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). The claims asserted against the State of Nevada therefore must be dismissed without prejudice under the Eleventh Amendment for lack of jurisdiction over the subject matter.

Plaintiff further fails to present a viable official capacity claim against the individual defendants. Plaintiff may not recover monetary damages from the defendants in their official capacity. First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g., Taylor*, 880 F.2d at 1045; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).

With regard to the individual capacity claims against the individual defendants, a viable Eighth Amendment claim potentially could be stated based upon the underlying factual

circumstances alleged. Plaintiff, however, seeks to recover for negligence or "deliberate negligence" by the defendants. He seeks to recover for the "negligence" of Tate in leaving the unit unsupervised. He further seeks to recover for the "negligence" of Williams in failing to provide a relief system for officers who leave their post and in failing to provide a surveillance system to monitor inmates in the open dormitory environment. He seeks to recover based upon the defendants reckless disregard of a unreasonable risk of harm of which the defendants allegedly "knew or should have known." He invokes a standard of "conscious disregard of a substantial risk" from the Restatement (Second) of Torts § 500.

Plaintiff clearly cannot recover under the Eighth Amendment for negligence or otherwise for an alleged violation of liability standards applicable to ordinary tort cases. No recovery or relief may be had under the Eighth Amendment based upon allegations of negligence. Rather, deliberate indifference to inmate health or safety instead must be established. *See Farmer v. Brennan*, 511 U.S. 825, 834-36, 114 S.Ct. 1970, 1977-78, 128 L.Ed.2d 811 (1994). Where a government official's act or omission causing injury to life, liberty or property is merely negligent, the plaintiff's remedies, if any, do not flow from the United States Constitution. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986). Indeed, the Supreme Court rejected the very same standard of liability in the Restatement (Second) of Torts § 500 upon which plaintiff bases his claims. *See Farmer*, 511 U.S. at 835-38, 114 S.Ct. at 1977-79.

Under *Farmer*, in order to establish an Eighth Amendment violation, the allegations or evidence instead must tend to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *E.g., Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also actually must draw the inference. *Id.* Allegations that the official was negligent fail to satisfy this standard.

This is not to say that plaintiff may not be able to state a viable Eighth Amendment claim in an amended complaint. It is established law that "[h]aving incarcerated "persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct . . ., [and]

having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833, 114 S.Ct. at 1977.[1] The obviousness of the danger, while not conclusive, may constitute circumstantial evidence potentially tending to establish – under the requisite liability standard – that the officer or official was aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn and did in fact subjectively draw that inference. *See Farmer,* 511 U.S. at 840-44, 114 S.Ct. at 1980-82. Moreover, while there is no *respondeat superior* liability under federal civil rights law, an official may potentially be held liable for the failure to supervise or train subordinates adequately or to take other steps where the alleged failure amounts to deliberate indifference. *See,e.g., Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir.1991)(*Bivens* action).

The court will give plaintiff an opportunity to file an amended complaint presenting a viable claim or claims.

If plaintiff files an amended complaint, he should note the following:

First, all defendants sued must be named in the body of the complaint form, on the pages for listing defendants. Merely referring to a defendant in the caption is not sufficient.

Second, plaintiff must use the complaint form to state his claims. He may not simply insert a separate affidavit or sworn declaration in with the complaint and refer to the affidavit. He must state his claims in the counts of the complaint form itself. There already is a declaration under penalty of perjury at the end of the complaint form.

IT THEREFORE IS ORDERED that the clerk of court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief

---

[1] The general rule is that governments are not liable for a failure to protect private citizens from the acts of third parties. Plaintiff relies upon the "danger creation" and "special relationship" exceptions to this general rule to establish liability here. Plaintiff misses the point, however. These exceptions concern whether a duty exists in the first instance, not the standard of liability then applied to determine whether the duty was breached in the particular case. It is established law that prisons have a duty to protect prisoners from other prisoners, as their indeed is a special relationship involved in incarceration. *E.g., Farmer, supra.* The standard for determining whether that duty was breached, however, for purposes of the Eighth Amendment, is the deliberate indifference standard stated in *Farmer*, not a negligence standard or a standard from a restatement of general civil tort law.

may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:10-cv-00632-JCM-PAL, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

The clerk shall provide plaintiff with a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the clerk for filing, a final judgment dismissing this action will be entered. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.

DATED: November 9, 2010.

_____
JAMES C. MAHAN
United States District Judge

-6-