# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL J. SMITH,

    *Plaintiff,*

vs.

BRIAN WILLIAMS, *et al.*

    *Defendants.*

2:10-cv-00632-JCM-PAL

ORDER

    Presently before the court is defendants Brian Williams and Richard Tate's motion to dismiss (doc. #13). Pro se plaintiff Michael Smith filed an opposition (doc. #15). Defendants filed a reply (doc. #16).

    The plaintiff's complaint (doc. #8) arises out of an incident at Southern Desert Correctional Center (SDCC). The plaintiff was allegedly accosted by a fellow inmate while the guard on duty, defendant Tate, left the cell unsupervised during his bathroom break. Plaintiff brought suit pursuant to 42 U.S.C. § 1983 and the Eighth Amendment for violations of his civil rights. Defendants now move to dismiss for a failure to exhaust administrative remedies (doc. #13).

    "The failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as . . . an enumerated [r]ule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (*citing Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988)). "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20 (*citing Ritza*, 837 F.2d at 369 n.3). Prisoners seeking relief under § 1983 must exhaust all available

administrative remedies prior to bringing suit, regardless of the type of relief sought. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

Here, the plaintiff never filed a grievance concerning the civil rights or constitutional claims alleged in the instant complaint. The only grievance he filed relating to the issue at hand was to remove the charge of fighting that was imposed upon him (doc. #13-1, Ex. A).

Plaintiff argues in his opposition (doc. #15) that he does not have to exhaust all administrative remedies because he only seeks monetary damages—a relief for which SDCC does not offer a remedy. While this was once the law in the Ninth Circuit, it has since been overruled, and now administrative remedies must be exhausted regardless of the relief sought. *See Booth*, 532 U.S. at 741; *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). Therefore, the plaintiff's complaint is dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Brian Williams and Richard Tate's motion to dismiss (doc. #13) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that the case is hereby dismissed without prejudice as to all named defendants.

DATED August 1, 2011.

_____
JAMES C. MAHAN
United States District Judge